**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 86.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. ZINGARELLI.

[Cite as *Disciplinary Counsel v. Zingarelli*, 1998-Ohio-451.]

*Attorneys at law—Misconduct—Two-year suspension—Conduct prejudicial to the administration of justice—Conduct adversely reflecting on fitness to practice law—Failing to disclose to client in writing terms of division and identity of lawyers sharing in a fee.*

(No. 97-1753—Submitted October 7, 1997—Decided February 18, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-27.

_____

{¶ 1} In May 1994, respondent, Larry Robert Zingarelli of Columbus, Ohio, Attorney Registration No. 0003224, pled guilty to three misdemeanors: aggravated menacing as a result of an incident which took place on December 28, 1992; obstructing official business as a result of an incident which took place on January 15, 1993; and carrying a concealed weapon as a result of an incident which took place on March 23, 1993.

{¶ 2} Further, the evidence shows that on December 8, 1992 while at a deposition representing plaintiff, Stephen B. Mowrey, respondent began to speak directly to the defendant regarding settlement. When defendant's counsel objected and asked that respondent speak to her about settlement, respondent ordered both defendant and counsel out of his office, called the police, and called defendant and counsel "trespassers." The common pleas judge in the case characterized respondent's actions as "irate, unreasonable, and unprofessional conduct and threats * * * [which] will not be tolerated by this Court."

{¶ 3} On February 10, 1993 prior to a scheduled hearing before the Ohio Respiratory Care Board, respondent, representing Richard James Klug, attempted

to conduct an *ex parte* conversation with a member of the board. In that conversation, respondent called opposing counsel "an idiot." When opposing counsel arrived and reiterated a position he had previously taken, that he would oppose respondent's renewed request for a continuance, respondent became enraged and threatened to sue, among others, opposing counsel and all board members.

{¶ 4} In May 1993, Robert Termeer engaged respondent and attorney Richard RoggenKamp, who were not members of the same firm, paying them a $2,000 retainer to represent him in an employment matter. The terms of the division of the attorney fees between respondent and RoggenKamp were not disclosed in writing to Termeer.

{¶ 5} On July 21, 1995, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's actions violated several Disciplinary Rules. The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") for hearing on the basis of stipulated facts. At the hearing, the panel received mitigation evidence indicating that all the events, except the Termeer matter, occurred within a four-month period when respondent was in the manic phase of the bipolar disorder known as manic-depression. Respondent has suffered from this genetic disease for twenty years.

{¶ 6} The panel concluded that respondent had violated DR 1-102(A)(5) (conduct prejudicial to the administration of justice) and 1-102(A)(6) (conduct adversely reflecting on the fitness to practice law) in each of the matters involving the misdemeanors, the matter involving Mowrey, and the matter involving Klug. It further concluded that with respect to the Termeer matter, respondent had violated DR 2-107(A)(2) (failing to disclose to a client in writing the terms of division and the identity of lawyers sharing in a fee). After hearing psychiatric testimony, the panel found in mitigation that the underlying cause of respondent's misconduct was his failure to take medicine as prescribed by his physician. It recommended the

respondent be suspended from the practice of law for one year with the entire year stayed, conditioned on respondent's remaining in full compliance with his physician's medication schedule for five years.

{¶ 7} The board adopted the findings and conclusions of the panel, but recommended that respondent be suspended from the practice of law for two years with the entire two years stayed, conditioned on respondent's remaining in full compliance with his physician's medication schedule.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Harald F. Craig III,* Assistant Disciplinary Counsel, for relator.

*Stanley D. Ross,* for respondent.

———————————

*Per Curiam*.

{¶ 8} We adopt the findings and conclusions of the board, but not its recommendation. Our review of the record indicates that respondent had suffered from his illness for at least twenty years. When he believed in September 1992 that he was entering another biannual manic cycle, he sought out the aid of a physician. He took the prescribed lithium until it ran out, but failed to keep a follow-up appointment. As a result, the physician was unable to monitor respondent's lithium level and make further prescriptions of the correct dosage.

{¶ 9} We believe that respondent, knowing of his genetic illness, had a continuing responsibility to himself and to his clients to scrupulously monitor his condition and to follow the dictates of his physician. As the board found, respondent's failure to do so was the direct cause of the majority of these disciplinary violations. Respondent's violation of DR 2-107(A)(2) occurred after respondent's condition was under control. Therefore, respondent is hereby suspended from the practice of law for two years. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would adopt the recommendation of the board.

————————————